IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
2014 AUG -1  PM 2: 18
JEFFREY P. COLWELL
CLERK
BY_____DEP. CLK

Civil Action No   14-cv- 2147

PAUL ENOCH CHAIREZ

      Plaintiff,

v.

NORTHSTAR LOCATION SERVICES, LLC

      Defendant,

## COMPLAINT

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. §1681p *et seq*.

2. This action arises out of the Defendant's violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA") by the Defendant in their illegal efforts to collect a consumer debt.

3. All conditions precedent to the bringing of this action have been performed.

### VENUE

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

5. The Plaintiff in this lawsuit is Paul Enoch Chairez, a natural person, who resides in El Paso County, Colorado, and is a "consumer" pursuant to 15 U.S.C. §1681a(c).

6. The Defendant in this lawsuit is NORTHSTAR LOCATION SERVICES, LLC; ("NLC") is a business entity operating from an address at 4285 Genesee Street, Cheektowaga, NY 14225-1943, United States

7. The Defendant's registered agent in the state of Colorado is Irvin A Borenstein, 13111 E. Briarwood Ave., #340, Centennial, CO 80112, United States

8. Defendant is a "furnisher of information" pursuant to 15 U.S.C. §1681.

9. Defendant is a "person" pursuant to 15 U.S.C. §1681a(b).

10. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11. Plaintiff brings this action against Defendant based on the Defendant's of violating 15 U.S.C. §1681s-2, a provision of the FCRA.

## BACKGROUND

12. The FCRA was originally enacted in 1970 for the purpose of regulating the collection, dissemination, and use of consumer credit information.

13. In June 2014, Plaintiff discovered an unauthorized credit inquiry.

14. On June 25, 2014, Plaintiff sent a letter to Defendant certified mail # 70132630000164082807.

15. In the letter, Plaintiff requested valid evidence of permissible purpose.

16. Defendant responded with a letter stating that Defendant had permissible purpose; however, no evidence was given to the Plaintiff.

17. Defendant has not produced account documentation showing that Plaintiff is obligated on the account.

18. Upon information and belief, Defendant cannot produce account documentation showing that Plaintiff is obligated on the account.

2

19. Plaintiff sent a notice of intent to sue letter to Defendant

20. The FCRA requires a furnisher, such as Defendant, to conduct a reasonable and meaningful investigation.

21. A cursory investigation of a disputed account does not satisfy the requirements of the FCRA.

22. Upon information and belief, Defendant did not conduct a reasonable investigation as required by the FCRA.

23. Had Defendant conducted a reasonable and meaningful investigation it would have found that this account is not Plaintiff's account.

24. Defendant acted recklessly in failing to conduct a meaningful, reasonable investigation into the account.

25. It is not reasonable for Defendant to conduct a casual, hasty, or superficial investigation.

## COUNT I
### (Negligent Noncompliance with FCRA)

26. Plaintiff realleges and incorporates by reference as though fully set forth herein each and every allegation set forth in the above paragraphs.

27. Defendant negligently failed to comply with the requirements of FCRA, including but not limited to failing to comply with the requirements in 15 USC §1681s-2(b).

28. Under 15 USC §1681n and 1681o a private cause of action exist for consumers against furnishers violate 15 USC §1681s-2(b).

29. As a result of defendant's failure to comply with the requirements of FCRA, plaintiff has suffered, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy and emotional distress for which plaintiff seeks damages in an amount to be determined by the jury.

## COUNT II
### (Willful Noncompliance with FCRA)

30. Plaintiff realleges and incorporates by reference as though fully set forth herein each and every allegation set forth in the above paragraphs.

31. Defendant negligently failed to comply with the requirements of FCRA, including but not limited to failing to comply with the requirements in 15 USC §1681s-2(b).

32. Under 15 USC §1681n and 1681o a private cause of action exist for consumers against furnishers violate 15 USC §1681s-2(b).

33. As a result of Defendant's failure to comply with the requirements of FCRA, Plaintiff has suffered, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy and emotional distress for which plaintiff seeks damages in an amount to be determined by the jury.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

### DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff demands that the Court grant the following:

a. A judgment in favor of the Plaintiff and against the Defendant;

b. Actual damages;

c. Punitive damages;

d. Statutory damages.

e. Any attorney's fees and costs pursuant to 15 U.S.C. § 1681n and § 1681o;

f. Such other and further relief as the Court deems just and proper.

Dated: August 1, 2014

Respectfully submitted,

*Paul Enoch Chairez*
Paul Enoch Chairez
380 Shadow Ridge Grove #733
Colorado Springs, CO 80918